# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ISSA CONTEH,

    Petitioner,                     CASE NO. 2:03-CR-00140
                                           JUDGE GRAHAM
    v.                                 MAGISTRATE JUDGE KING

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

Petitioner, a federal prisoner, brings the current motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Doc. No. 228. This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner was convicted, following a jury trial, of conspiracy to commit money laundering, uttering and possessing counterfeit securities, and bank fraud. *Amended Judgment,* Doc. No. 167. Following a direct appeal, he filed a motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. *Conteh v. United States*, 2:08-CV-119; 2:03-CR-0140, Doc. No. 186. Counsel was appointed for petitioner and an evidentiary hearing was held, following which the action was dismissed. 2:03-CR-0140, Doc. No. 212. Petitioner filed a notice of appeal and this Court issued a certificate of appealability on two claims. *Opinion and Order*, Doc. No. 217. The Court of Appeals affirmed the judgment of this Court. *Order,* Doc. No. 221.

Petitioner asserts, as his sole ground for relief in this current action, that he was denied the effective assistance of appellate counsel when the attorney who represented him in that most recent

appeal failed to pursue both claims upon which this Court issued a certificate of appealability.

Because Petitioner previously filed a motion to vacate under 28 U.S.C. §2255, this action may constitute a successive petition. Federal law requires that before a second or successive petition for a writ of habeas corpus can be filed in a district court, an applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §2244(b)(3)(A). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*). The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without prior authorization in *In re Sims, supra.*

> [W]hen a prisoner has sought §2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id. at 47.*

Accordingly, the instant § 2255 petition is **TRANSFERRED** to the United States Court of

2

Appeals for the Sixth Circuit pursuant to §2244(b)(3)(A).


Date: February 9, 2012                              s/James L. Graham
                                            James L. Graham
                                            United States District Judge